**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

SHARON GORDON, et al.,

Plaintiffs,

-against-

DAVOL, INC., et al.,

Defendants.
-------------------------------------------------------------------X

**ORDER**
**CV-08-2543 (ERK)**

**All cases have been assigned to the Court's Electronic Case Filing Program. The parties shall file all future submissions electronically and will ONLY receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct at the time of filing the complaint or answer, as well as regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the court.**

An initial conference will be held in this case at **12:00 p.m.** on **October 15, 2008** before Chief United States Magistrate Judge Steven M. Gold, at 225 Cadman Plaza East, Brooklyn, New York. Parties must check in with chambers, Room 1217, upon arrival. ***Counsel for all parties must be present.***

**Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.** In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed. Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference if an answer still has not been filed. **Requests for adjournments will not be considered unless made at least forty-eight (48) hours before the scheduled conference.**

**PRIOR TO THE CONFERENCE, THE PARTIES ARE TO COMPLY WITH THE REQUIREMENTS OF RULE 26(f) OF THE FED.R.CIV.P.** The parties shall meet at least five business days before the initial conference to discuss the matters specified in Fed.R.Civ.P. 26(f) and16(b); counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) whether

any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained. Counsel shall then complete the attached questionnaire. No written report or discovery plan required by Rule 26(f) need be filed with the Court, but the completed questionnaire must be brought to the conference. At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and comply with the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

At the initial conference, counsel shall be **fully prepared** to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement. Counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events which are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**July 9, 2008**

**s/**
**STEVEN M. GOLD**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**INITIAL CONFERENCE QUESTIONNAIRE**

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____________

2. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of: plaintiff(s) _____ and defendant(s) _____

3. Number of depositions by plaintiff(s) of: parties _____ non-parties _____

4. Number of depositions by defendant(s) of: parties _____ non-parties _____

5. Date for completion of factual discovery: _____________

6. Number of expert witnesses of plaintiff(s): ____ medical ____ non-medical

   Date for expert report(s): _____________

7. Number of expert witnesses of defendant(s): ____ medical ____ non-medical

   Date for expert report(s): _____________

8. Date for completion of expert discovery: _____________

9. Time for amendment of the pleadings by plaintiff(s) ____________ or by defendant(s) _____________

10. Number of proposed additional parties to be joined by plaintiff(s) ___ and by defendant(s) ____ and time for completion of joinder: ____________

11. Types of contemplated dispositive motions: plaintiff(s): ____________ defendant(s): ____________

12. Dates for filing contemplated dispositive motions: plaintiff(s): __________ defendant(s): __________

13. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference.

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? If so, please describe at the initial conference.

15. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? (Answer no if any party declines to consent without indicating which party has declined.)
    Yes ___ No ___